J-S23023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHELDON BLAIR CULBREATH | |
| Appellant | No. 3100 EDA 2015 |

Appeal from the PCRA Order October 1, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0016474-1996

BEFORE:  PANELLA, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                                **FILED MAY 17, 2016**

Sheldon Blair Culbreath appeals, *pro se*, from the order entered October 1, 2015, in the Montgomery County Court of Common Pleas denying his petition for *habeas corpus*, which the court construed to be a fourth petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Culbreath seeks relief from the judgment of sentence of an aggregate 17½ to 50 years' imprisonment imposed on April 2, 1998, following his conviction of possession with intent to deliver controlled substances, corrupt organizations, and conspiracy[1] for his involvement in an illegal drug distribution ring.  On appeal, Culbreath

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), and 18 Pa.C.S. §§ 911 and 903, respectively.

argues the PCRA court improperly denied him relief from an illegal sentence. We affirm.

The facts and procedural history underlying this appeal are well known to the parties, and were summarized by a panel of this Court in a prior unpublished decision affirming the denial of PCRA relief. **See Commonwealth v. Culbreath**, 118 A.3d 453 (Pa. Super. 2015) (unpublished memorandum). Therefore, we need not recite them herein. We note only that, in the prior decision, the panel determined that Culbreath's third PCRA petition, filed on June 16, 2014, was untimely. **Id.** Moreover, the panel concluded that, to the extent Culbreath argued his sentence was illegal pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013),[2] the claim was (1) waived because Culbreath failed to plead or

_____

[2] In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, **supra**, 133 S.Ct. at 2155. In interpreting that decision, the courts of this Commonwealth have determined that most of our mandatory minimum sentencing statutes are unconstitutional because the language of those statutes "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015). **See Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015) (invalidating 18 Pa.C.S. § 6317); **Commonwealth v. Vargas**, 108 A.3d 858 (Pa. Super. 2014) (*en banc*), (invalidating 18 Pa.C.S. § 7508), *appeal denied*, 121 A.3d 496 (Pa. 2015). Further, our courts have held that the unconstitutional provisions of the mandatory minimum statutes are not severable from the statute as a whole. **Hopkins**, **supra**, 117 A.3d at 262; **Newman**, **supra**, 99 A.3d at 101.

*(Footnote Continued Next Page)*

prove that (a) **Alleyne** satisfied one of the time-for-filing exceptions, and (b) the petition was filed within 60 days of that decision, and (2) meritless, because "neither the Supreme Court of the United States nor the Supreme Court of Pennsylvania has held **Alleyne** to apply retroactively to matters on collateral appeal[.]" **Culbreath**, **supra**, 118 A.3d 453 (unpublished memorandum at *2). Culbreath's subsequent petition for review before the Pennsylvania Supreme Court was denied. **Commonwealth v. Culbreath**, 116 A.3d 602 (Pa. 2015).

On August 20, 2015, Culbreath filed the instant petition, styled as a petition for writ of *habeas corpus*, in which he asserted his mandatory minimum sentence, imposed pursuant to 18 Pa.C.S. § 7508, is a "nullity" in light of this Court's decision in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015). The PCRA court determined Culbreath's petition was "really a serial [PCRA] petition," and on September 2, 2015, issued notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss the petition as untimely filed without first conducting an evidentiary hearing. Culbreath did not file a response to the court's Rule 907 notice. Consequently, on October 1, 2015, the PCRA court

_(Footnote Continued)_ ───────────────

Here, Culbreath asserts he was sentenced pursuant to the mandatory minimum provision at 18 Pa.C.S. § 7508, which, pursuant to the case law stated above, has been declared unconstitutional "in its entirety." **Commonwealth v. Carter**, 122 A.3d 388, 393 (Pa. Super. 2015).

entered an order dismissing Culbreath's petition. This timely appeal followed.[3]

Culbreath's sole issue on appeal asserts he is entitled to relief from his illegal sentence "as the statute has been unconstitutional from the date of its passage and ineffective for any purpose[.]" Culbreath's Brief at 10.

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (internal citations omitted).

Preliminarily, we note the PCRA court properly construed Culbreath's *habeas* petition to be a PCRA petition. The PCRA clearly states it is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies …, including habeas corpus and coram nobis." 42 Pa.C.S. § 9542. Therefore, "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive to** the PCRA." ***Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa. Super. 2004), *cert. denied*, 546 U.S. 909 (2005) (emphasis in original). ***See***

---

[3] On October 16, 2015, the PCRA court ordered Culbreath to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Culbreath complied with the court's directive, and filed a concise statement on October 29, 2015.

*Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) ("Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.") (footnote omitted). Accordingly, because "[i]ssues concerning the legality of sentence are cognizable under the PCRA[,]"[4] the court properly reviewed Culbreath's petition under the rubric of the PCRA.

In the present case, the PCRA court determined Culbreath's petition, his fourth, was untimely filed. **See** Trial Court Opinion, 11/4/2015, at 6. **See also Culbreath**, **supra**, 118 A.3d 453 (unpublished memorandum at 1-2) (holding Culbreath's third PCRA petition, filed on June 16, 2014, was untimely). We agree. Culbreath's judgment of sentence became final on February 16, 1999, 30 days after this Court affirmed the sentence on direct appeal, and Culbreath did not petition the Supreme Court for allowance of appeal. **See Culbreath**, **supra**, 118 A.3d 453 (unpublished memorandum at *2. **See also** 42 Pa.C.S. § 9545. Therefore, the instant petition filed on August 20, 2015, was patently untimely.

However, pursuant to 42 Pa.C.S. § 9545, an otherwise untimely petition is not time-barred if a petitioner pleads and proves the applicability of one of three time-for-filing exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

---

[4] **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004).

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. §§ 9545(b)(1)(i)-(iii).  Further, any petition invoking one of these exceptions must be filed "within 60 days of the date the claim could have been presented."  *Id.* at § 9545(b)(2).

Rather than prove the applicability of one of the Section 9545(b) exceptions, Culbreath contends simply that Section 7508 "is void ab initio, a nullity and not subject to any timeliness constraints when being challenged." Culbreath's Brief at 12.  However, this argument has no support under the PCRA.

The mandate of the statute is clear:

The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. *Commonwealth v. Abu–Jamal,* 574 Pa. 724, 833 A.2d 719, 723–24 (2003); *Commonwealth v. Murray,* 562 Pa. 1, 753 A.2d 201, 203 (2000). The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. *Murray,* at 203.

*Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012).  This includes an *Alleyne* claim challenging the legality of a sentence.  *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. 2014).

Accordingly, because Culbreath's petition was untimely filed, and he did not plead and prove the applicability of one of the time for filing exceptions set forth in Section 9545(b), he is entitled to no relief.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2016

---

[5] Furthermore, we note that even if Culbreath had attempted to invoke one of the time-for-filing exceptions, his claim would still fail. First, Culbreath raised an **Alleyne** challenge in his third PCRA appeal. **See Culbreath**, **supra**. Accordingly, the claim is previously litigated. **See** 42 Pa.C.S. § 9544(a)(3) (a claim is previously litigated if "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence."). Second, his petition was filed on August 20, 2015, more than 60 days after **Alleyne** was decided on June 17, 2013. **See** 42 Pa.C.S. § 9545(b)(2). Third, none of the time-for-filing exceptions are applicable to his **Alleyne** claim. Culbreath's claim does not include any facts which could reasonably support an allegation of "interference by government officials" pursuant to Section 9545(b)(1)(i). Moreover, this Court has "expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013). Finally, in **Miller**, **supra**, a panel of this Court held that an **Alleyne** claim fails to satisfy the "new constitutional right exception to the time-bar" codified at Section 9545(b)(1)(iii) because neither the United States or Pennsylvania Supreme Court has held that **Alleyne** is to be applied retroactively. **Miller**, **supra**, 102 A.3d at 995.